IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSEPH C. HOWARD                                                                                    PLAINTIFF

v.                                          Case No. 4:13CV065-KGB

HEWLETT-PACKARD COMPANY                                                              DEFENDANT

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff and Defendant (the "Parties") are engaged in discovery in the above-captioned action (the "Action"). The Parties are or may in the future be producing documents, written discovery answers, or deposition testimony containing confidential information. The Parties desire to maintain the confidentiality of this information. They therefore enter into this Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Order") and agree as follows:

1.      Information (in any form) may be designated CONFIDENTIAL if it is: (a) personnel information that is of a generally understood personal and confidential nature relating to current and/or former employees of Defendant (*e.g.*, personnel files, health and benefit information, bank account deposit records, tax returns, payroll records, physical and electronic mail addresses, telephone numbers, social security numbers or other personal and confidential identifiers, insurance elections and dependents, leaves of absence or duty restrictions due to medical or other highly personal reasons, and corrective and disciplinary counseling); and/or (b) confidential information about Defendant and/or their businesses that is proprietary in nature (e.g., employee handbooks, policies and procedures) and/or derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, Defendant's competitors and/or other persons who can obtain economic value from its

disclosure or use (e.g., business and strategic plans, internal studies, internal communications and non-public financial information).

2. Information may be designated CONFIDENTIAL by any party. Such designation shall thereafter subject the information disclosed (including any copies and/or derivatives of that information) to the provisions of this Order. Such designation may take place in any manner reasonably calculated to convey the designation to all Parties to the Action.

3. Except upon prior written consent of the Party or persons designating information as CONFIDENTIAL, information designated as CONFIDENTIAL shall be held in strict confidence and shall only be used for purposes of the Action and for no other purpose whatsoever except as otherwise permitted by this Order or required by law. CONFIDENTIAL information shall not be disclosed to anyone except:

    a. Counsel of record for any party to the Action and their associates, paralegals, or clerical or service support staff;

    b. Plaintiff;

    c. Any current or former employees, officers, or directors of Defendants who have a need to review the information in connection with the defense of the Action as determined by counsel of record for Defendants;

    d. Designated experts and/or consultants (including their employees, associates or other support staff) retained by a party to the Action for consultation or testimony in this Action, but only if: (i) they are not current or former employees of Defendants or related to any current or former employee of Defendants; (ii) they are not employed by any competitor of Defendants; and, (iii) they have read this Order and agreed in writing to be bound by this Order by signing the Acknowledgement attached hereto;

      e.      Court personnel and members of the jury;

      f.      Stenographic reporters, court reporters, and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

      g.      Deponents and witnesses, to the extent such disclosure is necessary to the witness's relevant testimony; provided, however, that the individual first reads this Order and agrees in writing to be bound by this Order by signing the Acknowledgement attached hereto;

      h.      Outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this action, so long as reasonable measures are taken to ensure that such services preserve the confidentiality of the information;

      i.      Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the producing party or parties; and,

      j.      Other persons by written agreement of the Parties.

Nothing in this Order shall be construed to allow CONFIDENTIAL information to be used or disclosed in any other actual or potential legal proceeding other than the above-captioned Action.

    4.    Whenever any party desires to use or disclose information designated as CONFIDENTIAL in any Court proceeding and/or filing, then prior to the proceeding and/or filing, the party shall confer with the party who designated the information as CONFIDENTIAL in an attempt to reach agreement about the use or disclosure of the information in the Court proceeding and/or filing (e.g., to allow disclosure without any special protection, to allow disclosure of a document if certain information is redacted first, etc.). If the Parties are unable to reach agreement: (a) the party seeking to use or disclose the information must file a motion

requesting leave of Court to close the proceeding and/or allow the filing of the information under seal; (b) the party who designated the information as CONFIDENTIAL must be given an opportunity to state his/her/its position to the Court with respect to the need to have the information disclosed only in a closed proceeding and/or filed under seal; (c) the information must not be used or disclosed in any manner allowing review by members of the public while the motion is pending; and, (d) the information must thereafter be used and/or disclosed only in accordance with the Court's adjudication of the party's motion. In no event shall information designated as CONFIDENTIAL be disclosed in a proceeding and/or filed with the Court, under seal or otherwise, without written consent of the party who designated the information as CONFIDENTIAL or direction from the Court. The Parties shall follow the Court's administrative procedures for electronically filing documents under seal.

5.   If any party to the Action disputes the designation of any information as CONFIDENTIAL, the Parties shall attempt to resolve by agreement the question whether or on what terms the information is entitled to the designated treatment. If the Parties are unable to reach agreement, they may, by motion, apply to the Court for an inspection of the information and, subsequent to that inspection, a ruling from the Court about the appropriate designation for the information as follows:

a.   If the Parties are unable to agree as to whether information is properly designated as CONFIDENTIAL, counsel for the party objecting to the designation may file an appropriate motion with the Court, seeking an order determining that the person or entity asserting the CONFIDENTIAL designation is not entitled to treat the information as CONFIDENTIAL. The burden rests upon the person or entity challenging the designation to demonstrate that such designation is improper. Until a final resolution of the dispute is achieved

either through consent or Court order, all parties shall treat the designated information as designated.

      b.    Any motion regarding designation of materials that is filed with the Clerk of Court and/or through the Court's electronic filing system shall not disclose or include any information designated as CONFIDENTIAL. Such information and materials may be submitted to the Court in accordance with Paragraph 4 if necessary.

6.    Nothing in this Order shall prevent any person or entity from using or disclosing his/her/its own information for any purpose, recognizing that such use or disclosure may impact whether the information would remain entitled to the CONFIDENTIAL designation.

7.    Within thirty days following the final disposition of this action, including all appeals therefrom, unless other arrangements are agreed upon, the Parties agree that all original and copies of "CONFIDENTIAL" information shall be returned to counsel for the designating party. The Parties further agree that those "CONFIDENTIAL" materials shall then be retained by counsel for the designating party for a period of three years following the final disposition of this action, including all appeals therefrom. (This return or destroy provision does not apply to the Clerk of the Court for the United States District Court for the Eastern District of Arkansas, Western Division).

8.    Nothing in this Order shall preclude any party or third person from seeking additional protection (via a jointly-proposed supplemental protective order and/or a contested motion for supplemental protective order) for information deemed by the party or third person to be entitled to such additional protection (*e.g.*, allowing specific information to be designated as "CONFIDENTIAL" even though it does not fit within the scope of Paragraph 1, allowing information to be designated as "COUNSEL ONLY", etc.).

9. The inadvertent failure to designate or withhold any information as protected by the attorney-client privilege and/or work product protection shall be governed by the applicable Federal Rules of Civil Procedure [including Rule 26(b)(5)(B)] and Federal Rules of Evidence [including Rule 502(d)]. In accordance with Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that the attorney-client privilege or work-product protection is not waived by disclosure connected with the litigation pending before the Court.

10. All Parties and anyone who joins this Action as a party are governed by this Protective Order and subject to the jurisdiction of this Court over their person for the purpose of any proceeding to enforce the Protective Order, or for any action for contempt for violation of the terms of this Protective Order. This Protective Order is not binding on Court personnel or members of the jury.

11. Any party may seek leave to reopen the case to enforce the provisions of this Protective Order.

12. This Order may be modified or amended by order of the Court for good cause shown.

IT IS SO ORDERED this 8th day of July, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE

STIPULATED TO BY:

/s/ Luther Sutter
Luther Sutter (95031)
Sutter & Gillham, PLLC
P.O. Box 2012
Benton, Arkansas 72015
Telephone: 501.315.1910
Fax: 501.315.1916
luther.sutterlaw@gmail.com

Attorney for Plaintiff

/s/ Eva C. Madison
Eva C. Madison (98183)
Littler Mendelson, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, Arkansas 72701
Telephone: 479.582.6100
Fax: 479.582.6111
emadison@littler.com

Ryan Summer Smith (admitted *pro hac vice*)
Morgan Elam (admitted *pro hac vice*)
Hewlett-Packard Company
5400 Legacy Drive
MS H4-1G-29
Plano, TX 75024
Telephone: 972.605.0044
Facsimile: 972.605.0791
Morgan.elam@hp.com
Ryan.sum.smith@hp.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSEPH C. HOWARD                                                                                      PLAINTIFF

v.                                            Case No. 4:13CV065-KGB

HEWLETT-PACKARD COMPANY                                                                DEFENDANT

## ACKNOWLEDGMENT

I, _____, hereby acknowledge that I have reviewed the Protective Order entered in the above-captioned action and that I agree to be bound by the Protective Order. I further agree to the following limitations upon the use and disclosure of the CONFIDENTIAL information which I am being provided:

1. That the CONFIDENTIAL information shall be used by me solely in connection with the proceedings in the above-entitled action and for no other purpose;
2. That I will not use or disclose any of the CONFIDENTIAL information to any other person or entity except as authorized by the Protective Order; and
3. That upon request, I will immediately return any CONFIDENTIAL information which I have been provided, and all copies and derivatives thereof, immediately to the attorney who provided the material to me.

I understand and recognize that violation of any of the provisions of this Acknowledgment may subject me to liability or sanctions including, but not limited to, personal liability for any damages resulting from such violation.

Dated this _____ day of _____, _____.

_____                    _____
(Signature)

_____                    _____
(Print Name)                                                               (Print Address)

8